IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: |
| v. | ) | Filed: |
| BRITISH AIRWAYS PLC, | ) | Count I: 15 U.S.C. § 1 |
|  | ) | Count II: 15 U.S.C. § 1 |
| Defendant. | ) | |

## INFORMATION

### I.

### COUNT ONE - CONSPIRACY TO RESTRAIN TRADE
### (15 U.S.C. § 1)

THE UNITED STATES, ACTING THROUGH ITS ATTORNEYS, CHARGES:

**Defendant and Co-Conspirators**

1.　　British Airways Plc, ("Defendant") is a public limited company organized and existing under the laws of England and Wales and has its principal place of business in Harmondsworth, England. During the period covered by this Count, Defendant was engaged in the business of providing air transportation services for passengers and cargo in the United States and elsewhere.

2.　　Various corporations and individuals, not made defendants in this Count, participated as co-conspirators in the offense charged in this Count and performed acts and made statements in furtherance of it.

1

3.  Whenever in this Count reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## Background of the Offense

During the period covered by this Count:

4.  Defendant and its co-conspirators provided international air transportation services for cargo ("air cargo services"). Defendant and its co-conspirators provided air cargo services to and from the United States.

5.  Defendant's air cargo services transported a variety of cargo shipments, such as electronics, textiles and produce, on scheduled flights within the United Kingdom and internationally, including to and from the United States. For its air cargo services, Defendant charged its cargo customers a rate that consisted of both a base rate and various fees and surcharges, such as fuel and post-September 11 security surcharges. The rates charged by Defendant's co-conspirators for air cargo services also included both a base rate and various fees and surcharges. The amount of the base rate charged by Defendant and its co-conspirators could vary based on the type and weight of the shipment, the origin and/or destination of the shipment, and the nature of the goods or products being shipped. Similarly, the amount of certain surcharges levied by Defendant and its co-conspirators could vary based on the origin and/or destination of the shipment. The base rate, fees, and surcharges charged to customers by Defendant and its co-conspirators for air cargo services are collectively referred to herein as "cargo rates."

## Conspiracy to Restrain Trade

6. From at least as early as January 1, 2000 and continuing until at least February 14, 2006, the exact dates being unknown to the United States, Defendant's co-conspirators entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing the cargo rates charged to customers for international air shipments, including to and from the United States. Defendant joined and participated in the charged conspiracy from at least as early as March 2002 until at least February 14, 2006. The combination and conspiracy engaged in by Defendant and its co-conspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

7. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendant and its co-conspirators, the substantial terms of which were to suppress and eliminate competition by fixing cargo rates to and from the United States and elsewhere.

## Manner and Means of the Conspiracy

8. For purposes of forming and carrying out the charged combination and conspiracy, Defendant and its co-conspirators did those things that they combined and conspired to do, including, among other things:

    a. participating in meetings, conversations, and communications to discuss the cargo rates to be charged on shipments to and from the United States;

    b. agreeing, during those meetings, conversations, and communications, on certain components of the cargo rates to charge on shipments to and from the United States;

    c.    levying cargo rates in the United States and elsewhere in accordance with the agreements reached; and

    d.    engaging in meetings, conversations, and communications in the United States and elsewhere for the purpose of monitoring and enforcing adherence to the agreed-upon cargo rates.

### Trade and Commerce

9. During the period covered by this Count, proposals, contracts, invoices for payment, payments, and other documents essential to the provision of air cargo services were transmitted in interstate and foreign trade and commerce between and among offices of Defendant and its customers located in various States and foreign countries.

10. During the period covered by this Count, Defendant and its co-conspirators transported substantial quantities of cargo, in a continuous and uninterrupted flow of interstate and foreign commerce, between various foreign countries and the United States, including through various U.S. airports to final destinations in various States.

11. During the period covered by this Count, the business activities of Defendant and its co-conspirators in connection with the air cargo services that are the subject of this Count were within the flow of, and substantially affected, interstate and foreign trade and commerce.

### Jurisdiction and Venue

12. The combination and conspiracy charged in this Count was carried out, in part, in the District of Columbia within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

## II.

## COUNT TWO - CONSPIRACY TO RESTRAIN TRADE
## (15 U.S.C. § 1)

THE UNITED STATES FURTHER CHARGES THAT:

### Defendant and Co-Conspirators

13.  Each and every allegation contained in paragraphs 1 and 3 of Count One of this Information is realleged and reasserted here as if fully set forth in this Count.

14.  A corporation and individuals, not made defendants in this Count, participated as co-conspirators in the offense charged in this Count and performed acts and made statements in furtherance of it.

### Background of the Offense

During the period covered by this Count:

15.  Defendant and its corporate co-conspirator provided international air transportation services for passengers ("passenger services"). Defendant's passenger services transported people on scheduled flights within the United Kingdom and internationally, including on long-haul international flights. Long-haul international air transportation includes the defendant's international flights between the United Kingdom and certain foreign destinations, including the United States. For their passenger services, Defendant and its corporate co-conspirator sold tickets directly to passengers and through travel agents who sold the tickets to passengers. For its passenger services, Defendant charged its customers a fare that included both a base fare and a fuel surcharge. The fares charged by Defendant's corporate co-conspirator for passenger services also included both a base rate and a fuel surcharge.

### Conspiracy to Restrain Trade

16. Beginning in or about August 2004 and continuing until at least February 14, 2006, the exact dates being unknown to the United States, Defendant and its co-conspirators entered into and engaged in a combination and conspiracy to suppress and eliminate competition by fixing the passenger fuel surcharge charged to passengers for long-haul international air transportation, including between the United States and the United Kingdom. The combination and conspiracy engaged in by Defendant and its co-conspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

17. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendant and its co-conspirators, the substantial terms of which were to suppress and eliminate competition by fixing the passenger fuel surcharge charged to passengers for long-haul international air transportation, including between the United States and the United Kingdom.

### Manner and Means of the Conspiracy

18. For purposes of forming and carrying out the charged combination and conspiracy, Defendant and its co-conspirators did those things that they combined and conspired to do, including, among other things:

   a. participating in meetings, conversations, and communications to discuss the passenger fuel surcharges to be charged on flights between the United States and the United Kingdom;

   b. agreeing, during those meetings, conversations, and communications, on the

   passenger fuel surcharges to be charged on flights between the United States and the United Kingdom;

c. levying passenger fuel surcharges on tickets for passenger flights between the United States and United Kingdom in accordance with the agreements reached; and

d. engaging in meetings, conversations, and communications for the purpose of monitoring and enforcing adherence to the agreed-upon passenger fuel surcharges.

### Trade and Commerce

19. During the period covered by this Count, contracts, invoices for payment, payments, and other documents essential to the provision of passenger services were transmitted in interstate and foreign trade and commerce between and among offices of Defendant and its customers located in various States.

20. During the period covered by this Count, Defendant and its corporate co-conspirator transported substantial numbers of passengers, in a continuous and uninterrupted flow of interstate and foreign commerce, between various airports in the United States and the United Kingdom.

21. During the period covered by this Count, the business activities of Defendant and its corporate co-conspirator in connection with the passenger services that are the subject of this Count were within the flow of, and substantially affected, interstate and foreign trade and commerce.

### Jurisdiction and Venue

22. The combination and conspiracy charged in this Count was carried out, in part, in

the District of Columbia within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated:

_____
Scott D. Hammond
Acting Assistant Attorney General
Antitrust Division
United States Department of Justice

_____
Marc Siegel
Director of Criminal Enforcement
Antitrust Division
United States Department of Justice

_____
Lisa M. Phelan
Chief, National Criminal Enforcement Section
Antitrust Division
United States Department of Justice

_____
Mark R. Rosman, Assistant Chief
Brent Snyder, Trial Attorney
Mark C. Grundvig, Trial Attorney
Kathyrn M. Hellings, Trial Attorney
Elizabeth Aloi, Trial Attorney

National Criminal Enforcement Section
Antitrust Division
United States Department of Justice