IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: 07-183-JDB |
|  | ) |  |
| v. | ) | UNITED STATES' MOTION |
|  | ) | FOR DOWNWARD DEPARTURE |
| BRITISH AIRWAYS PLC, | ) | PURSUANT TO U.S.S.G. 8C4.1(b) |
|  | ) |  |
| Defendant. | ) |  |

The United States hereby moves for a downward departure from the United States

Sentencing Guidelines ("U.S.S.G.") fine range calculated in the above-captioned matter due to

British Airways PLC's substantial assistance in the continuing investigation of Sherman Act

violations by other companies and individuals. The United States respectfully submits that the

following factors enumerated in U.S.S.G. §8C4.1(b) warrant downward departure.

**A.    Nature and Extent of Assistance**

U.S.S.G. §8C4.1(b)(2) lists as a relevant factor the nature and extent of the organization's

assistance. Since it has begun cooperating, British Airways PLC ("BA") has produced hundreds

of thousands of pages of documents for government review. Included among the materials

produced were foreign-located documents; the company has committed to making additional

foreign-located documents available upon request by the United States.

BA obtained separate counsel for its key executives and facilitated making key

executives available for interviews, at company expense, in the United States. As a result, the

United States was able to interview several executives who would have been beyond the

1

subpoena power of the grand jury.  BA has also identified other employees who may have information useful to the ongoing investigation and has agreed to make them available upon request in the United States.

BA is committed to continuing its cooperation by, among other things, providing U.S. and foreign-located documents and making its executives available to come to the United States to be interviewed, testify before the grand jury, or at any trial that may result from the investigation.

In sum, BA has provided significant cooperation and is obligated by the terms of its plea to continue to provide that cooperation in the future.

**B.      Timeliness**

U.S.S.G. §8C4.1(b)(3) lists as a relevant factor the timeliness of the organization's assistance.  In this case, BA was one of the first companies to begin cooperating fully with the United States' investigation, and its cooperation began very quickly after it learned about the United States' investigation of the subject conduct.

**C.      Government's Evaluation of the Assistance**

U.S.S.G. §8C4.1(b)(1) lists as a relevant factor the United States' evaluation of the assistance rendered by the organization.  In this case, the United States believes that BA has provided full and substantial cooperation which has been of significant and useful assistance to its ongoing investigation.  BA's cooperation has provided the United States with timely and credible information against both corporate and individual co-conspirators which advanced this investigation at its earliest stages.

International conspiracies which are formed and carried out by conspirators located in

various countries are difficult to prove absent the testimony of co-conspirators who are willing to submit to the jurisdiction of the United States.  As a foreign corporation with headquarters outside the United States, BA could have retained highly relevant documents in its foreign offices and refused to cooperate and obtain the cooperation of its executives in this investigation. It chose, however, to assist the United States early in its investigation in a highly significant and useful way.

        In the opinion of the United States, the cooperation tendered and promised by BA merits a downward departure as contemplated by Section 8C4.1.  As set forth in the parties' Plea Agreement, a copy of which has been provided to the Court, the U.S.S.G. sentencing calculation results in a fine range of  $447.2 million to $894.4 million.  The parties agree that the appropriate fine for the commerce affected by defendant's participation in illegal activities is $300 million which represents a 33% departure from the bottom of the Guidelines fine range.  Based on consideration of the factors set forth in U.S.S.G. §8C2.8, the parties agree that this fine amount appropriately reflects a $200 million fine based on the commerce affected by defendant's participation in the cargo conspiracy[1], which reflects a 20% discount from an agreed upon point above the bottom of the applicable guidelines range calculated solely on the volume of commerce attributable to the defendant for Count I as identified in Paragraph 8(b) of the Plea

--------

        [1] As stated in the Plea Agreement, the affected commerce attributable to the cargo conspiracy, upon which the U.S.S.G. fine range was in part based, included only revenues related to BA's cargo shipments out of the United States.  In deciding the point within the fine range from which to deduct a substantial assistance discount, the parties considered the factors set forth in U.S.S.G. §8C2.8(a), including the volume of BA's revenues from cargo shipments into the United States.  The United States believed it was necessary to consider the revenues from inbound shipments in this fashion in order to adequately reflect the seriousness of BA's conduct and the harm to U.S. victims.

3

Agreement, and a statutory maximum $100 million fine based solely on defendant's participation

in the passenger conspiracy.  Accordingly, the United States recommends and respectfully

requests that its request for downward departure be granted and that BA be sentenced to pay a

criminal fine of $300 million pursuant to the terms of the parties' Plea Agreement.

DATED: August 16, 2007

                                                      Respectfully submitted,

                                           BY:    /s/ Brent Snyder
                                                 Mark Rosman, Assistant Chief
                                                 Brent Snyder, Trial Attorney
                                                 Mark Grundvig, Trial Attorney
                                               Kathryn Hellings, Trial Attorney
                                               Elizabeth Aloi, Trial Attorney
                                               U.S. Department of Justice
                                                 Antitrust Division
                                               1401 H Street, N.W., Suite 3700
                                               Washington, D.C. 20530
                                               Tel.: (202) 307-6694
                                               Fax: (202) 514-6525

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing to be served upon

the undersigned attorney by First Class U.S. Mail, postage pre-paid, and by facsimile at the

address set out below on August 13, 2007:

> Daryl A. Libow
> Joseph J. Reilly
> Sullivan & Cromwell LLP
> 1701 Pennsylvania Avenue, N.W.
> Washington, DC 20006
> Tel: 202-956-7650
> Fax: 202-293-6330

DATED:    August 16, 2007 at Washington, D.C.

        /s/ Brent Snyder
        Brent Snyder